UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARK MULLEN                                              CIVIL ACTION

v.                                                       NO. 19-11954

DAIGLE TOWING SERVICE, L.L.C.                            SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The plaintiff filed what is styled as a memorandum in opposition to the defendant's motion to dismiss the plaintiff's claims for punitive damages for Jones Act negligence and unseaworthiness; however, the plaintiff writes that he agrees with the arguments advanced in the defendant's motion to dismiss.[1]

---

[1] The plaintiff concedes that punitive damages are not recoverable in connection with either his Jones Act claim or his unseaworthiness claim based in general maritime law, but he seeks to reserve his claim for punitive damages under the general maritime law for willful failure to make timely maintenance and cure payments.

1

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[2] IT IS ORDERED: that the defendant's motion to dismiss the plaintiff's claims for punitive damages for Jones Act negligence and unseaworthiness is hereby GRANTED as unopposed.

New Orleans, Louisiana, September 11, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Daigle Towing Service, LLC moves to dismiss Mark Mullen's claims for punitive damages in connection with Mullen's Jones Act negligence and unseaworthiness claims. The plaintiff concedes that the motion, limited in its scope, must be granted. As a matter of law, the plaintiff is not entitled to recover punitive damages for the defendant's alleged negligence under the Jones Act. See Miles v. Apex Marine Corp., 498 U.S. 19 (1990); McBride v. Estis Well Serv., L.L.C., 768 F.3d 382, 385 (5th Cir. 2014)(en banc). Likewise, as a matter of law, the plaintiff is not entitled to recover punitive damages for the alleged unseaworthiness of the M/V MISS LAURIE under the general maritime law. See The Dutra Group v. Batterton, 139 S. Ct. 2275, 2287 (2019)(resolving Circuit split and holding that punitive damages are not available for claims of unseaworthiness under the general maritime law).
    By contrast, punitive damages may be recovered under the general maritime law when a shipowner willfully breaches its duty to pay maintenance and cure to an injured seaman. See Atlantic Sounding Co. v. Townsend, 557 U.S. 404, 409-11 (2009). The defendant notes that it is investigating the plaintiff's claim for maintenance and cure; it does not presently seek dismissal of the plaintiff's punitive damages claim based on willful denial of maintenance and cure.