```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

MARK MULLEN                                          CIVIL ACTION

v.                                                   NO. 19-11954

DAIGLE TOWING SERVICE, L.L.C., ET AL.                SECTION "F"

ORDER AND REASONS

Before the Court is Lafarge North America's motion for summary judgment dismissing Mark Mullen's claims. For the reasons that follow, the motion is GRANTED.

**Background**

This Jones Act litigation arises from a seaman's claim that he slipped and fell on the deck of a barge he cannot name on a date he does not know.

Mark Mullen worked as a deckhand for Daigle Towing Service aboard a tugboat named the M/V MISS LAURIE. He says he slipped and fell on the deck of an "undesignated rock barge" in the MISS LAURIE's tow. He does not know when, exactly, he fell; he did not report the alleged fall; and he did not seek medical treatment until months later. But he sued anyway.

1

At first, Mullen sued only his employer, Daigle Towing. He later amended his complaint to add negligence and unseaworthiness claims against Lafarge. In that first supplemental complaint, he said he slipped on the deck of a Lafarge-owned "undesignated rock barge" because the deck was "slick and not properly covered with nonskid[.]" He soon changed his mind, though; he filed a second supplemental complaint asserting that American Commercial Barge Line—and not Lafarge—owned the "undesignated rock barge."

Now, Lafarge moves for summary judgment, contending it had no duty to maintain the "undesignated rock barge." Lafarge says it ceded control of all such barges two years before the alleged incident, when it entered into a bareboat charter party with American Commercial Barge Line. Mullen responds that he needs more time for discovery and asks the Court to deny or defer summary judgment. See FED. R. CIV. P. 56(d).

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit." Id. at 248.

2

If the non-movant will bear the burden of proof at trial, the movant "may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. Nor do "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court views the facts and draws all reasonable inferences in the light most favorable to the non-movant. See Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). And the Court "resolve[s] factual controversies in favor of the nonmoving party," but "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."

Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

In a non-jury case, the Court "has somewhat greater discretion to consider what weight it will accord the evidence." Jones v. United States, 936 F.3d 318, 321 (5th Cir. 2019) (citation omitted).

II.

Before turning to the merits, the Court considers Mullen's procedural objection: He says the Court should defer ruling on the motion to allow him to take more discovery.[1]

The Court may defer ruling on Lafarge's motion for summary judgment if Mullen shows "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." FED. R. CIV. P. 56(d).

Mullen "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d

---

[1] Mullen invokes Rule 56(b), governing the timing of summary judgment motions. He means to invoke Rule 56(d), governing deferral of summary judgment "when facts are unavailable to the nonmovant." Indeed, he asks the Court to "defer ruling upon [the] motion and allow time to take discovery[.]" So the Court treats his request as one for a Rule 56(d) deferral.

4

887, 894 (5th Cir. 2013) (per curiam) (citation omitted). Instead, he must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Id. at 894.

He has not done so. He "set[s] forth" no basis—much less a "plausible" one—for "believing" that discovery will disclose facts sufficient to defeat Lafarge's motion. Biles, 714 F.3d at 894. Short of evidence that the bareboat charter party is an out-and-out forgery, which Mullen does not contend, it is unclear what material facts he thinks he might discover. True, his counsel says he cannot "confirm or refute the position taken by Lafarge" because "discovery has not commenced against" American Commercial Barge Line. But "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." Mendez v. Poitevent, 823 F.3d 326, 336 (5th Cir. 2016) (quotations omitted; emphasis in original). And it is a lack of diligence that has caused counsel's inability to "confirm or refute" Lafarge's position eleven months into this litigation.

Accordingly, because Mullen has neither "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist," Biles,

5

714 F.3d at 894, nor "indicate[d] how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," id., his Rule 56(d) objection is overruled. The procedural objection resolved, the Court turns to the merits.

### III.

Lafarge moves for summary judgment dismissing Mullen's negligence and unseaworthiness claims. The Court considers negligence before unseaworthiness.

### A.

Mullen alleges that Lafarge negligently failed to "maintain the equipment" and "appurtenances" on an "undesignated rock barge." Negligence is "an actionable wrong under general maritime law." Thomas v. Chevron U.S.A., Inc., 832 F.3d 586, 592 (5th Cir. 2016) (citation omitted). It has four elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered an injury; and (4) a causal connection between the defendant's conduct and the plaintiff's injury. Id. at 592. The duty element is dispositive here.

In the maritime context, a defendant's duty is generally one of "ordinary care under the circumstances." In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 211 (5th Cir. 2010). That duty can extend to third parties. Thomas, 832 F.3d at 592. To decide if a duty exists, courts consider "a number of factors, including

6

most notably the foreseeability of the harm suffered by the complaining party.'" Thomas, 832 F.3d at 592 (quoting Consol. Aluminum Corp. v. C.F. Bean Corp., 833 F.2d 65, 67 (5th Cir. 1987)). If a duty exists, it is owed "'only with respect to the interest that is foreseeably jeopardized by the negligent conduct.'" In re Great Lakes Dredge & Dock Co., 624 F.3d at 211 (quoting Consol. Aluminum, 833 F.2d at 67).

Mindful of these authorities, Lafarge submits that it owed no duty to maintain the "undesignated rock barge." It makes two arguments.

The first is simple. Lafarge says no evidence links it to the "undesignated rock barge," and no link means no duty. The Court agrees. In opposition to summary judgment, Mullen does not invoke any record evidence linking Lafarge to the "undesignated rock barge." Lafarge owed no duty to "maintain equipment" on a random barge it never owned, operated, or controlled in any respect. See generally In re Great Lakes, 624 F.3d at 211.

The second digs deeper. It assumes the "undesignated rock barge" was among the "hopper barges" Lafarge once controlled. Lafarge says it ceded control of all such barges more than two years before Mullen's alleged fall, when it entered into a bareboat charter party with American Commercial Barge Line. That charter party required American Commercial Barge Line, "at its sole cost

7

and expense," to "maintain each Barge in its condition and repair as of the delivery of the Barge[.]" From the language of this charter party, and from general principles of maritime law, Lafarge reasons that American Commercial Barge Line—and not it—owed Mullen a duty to "maintain the equipment and appurtenances" on the "undesignated rock barge." The Court agrees.

The bareboat charter party between Lafarge and American Commercial Barge Line was "tantamount to, though just short of, an outright transfer of ownership" of the barges. Agrico Chem. Co. v. M/V Ben W. Martin, 664 F.2d 85, 91 (5th Cir. 1981)(citation omitted). It transferred "full possession and control of" the barges to the charterer, American Commercial Barge Line. Walker v. Braus, 995 F.2d 77, 80 (5th Cir. 1993). That transfer occurred in December 2016, over two years before Mullen's alleged fall. Lafarge had no duty to maintain an "undesignated rock barge" it had no legal right to possess or control; that duty belonged to American Commercial Barge Line, the bareboat charterer.[2] See, e.g., Reed v. S. S. Yaka, 373 U.S. 410, 412–13 (1963) ("[B]arring explicit statutory exemption, the bareboat charterer is personally liable for the unseaworthiness of a chartered vessel.").

---

[2] Mullen offers no evidence that could support a finding that Lafarge had the power to possess, control, or "maintain" the "undesignated rock barge" on which he says he fell.

8

As an alleged tortfeasor, Lafarge is "accountable only to those to whom a duty is owed." Consol. Aluminum, 833 F.2d at 67. The singular duty Mullen identifies is to "maintain equipment" on the "undesignated rock barge." But he cites no record evidence to support a finding that Lafarge owed that duty. Accordingly, he cannot prove the duty element of his negligence claim.[3] The Court therefore grants Lafarge's motion for summary judgment on this claim and turns to the unseaworthiness claim.[4]

B.

Mullen sued Lafarge for unseaworthiness under general maritime law. He says that the "undesignated rock barge" was unseaworthy "due to improperly maintained equipment and appurtenances." Lafarge contends that the claim fails as a matter of law because a Jones Act seaman who is not a crew member cannot maintain an unseaworthiness action against a non-employer vessel owner.

---

[3] A similar analysis would govern if the "undesignated rock barge" were one of the barges Lafarge time-chartered for short-term, "last-mile" deliveries. See Forrester v. Ocean Marine Indem. Co., 11 F.3d 1213, 1215 (5th Cir. 1993) ("As a non-demise charterer, the time charterer is thus not liable for claims of negligence of the crew or for the unseaworthiness of the vessel.").

[4] Even if Mullen could prove the duty element, the Court would enter summary judgment against him. He cannot prove causation: No record evidence supports a finding that any act or omission of Lafarge caused the alleged fall.

The Court agrees. As a Jones Act seaman, Mullen "cannot maintain a *Sieracki* seaworthiness action against a vessel on which he is not a crew member." Smith v. Harbor Towing & Fleeting, Inc., 910 F.2d 312, 315 (5th Cir. 1990). Because Mullen was not a crew member of the "undesignated rock barge," he cannot prevail on an unseaworthiness claim against its alleged owner, Lafarge.[5] Id. at 315. The Court therefore grants Lafarge's motion for summary judgment dismissing Mullen's unseaworthiness claim.

IV.

Lafarge had no duty to maintain the "equipment and appurtenances" on the "undesignated rock barge" on which Mullen claims he fell. And even if Lafarge had such a duty, Mullen offers no evidence of breach. Accordingly, IT IS ORDERED that: Lafarge's motion for summary judgment is GRANTED. Mullen's claims against Lafarge are DISMISSED with prejudice.

New Orleans, Louisiana, July 15, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] This assumes for argument's sake that Lafarge has some connection to the "undesignated rock barge" on which Mullen claims to have fallen. As noted, however, Mullen cites no record evidence to support any connection. Summary judgment is therefore warranted on this independent ground.

10