UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARK MULLEN                                              CIVIL ACTION

v.                                                       NO. 19-11954

DAIGLE TOWING SERVICE, L.L.C., ET AL.                    SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to American Commercial Barge Line LLC's motion for partial summary judgment, which is noticed for submission on May 26, 2021, has been submitted.  And counsel for the plaintiff has advised the Court that he does not oppose the granting of this motion.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] On July 15, 2020, the Court granted Lafarge North America's motion for summary judgment, dismissing the plaintiff's claims against Lafarge.  With respect to the dismissed unseaworthiness claim, the Court determined that the claim failed as a matter of law because a Jones Act seaman like Mullen, who was not a crew member of the vessel on which he fell, cannot maintain an unseaworthiness action against a non-employer vessel owner.  This same principle dooms Mullen's unseaworthiness claim asserted

1

that the motion for partial summary judgment is hereby GRANTED. The plaintiff's unseaworthiness claim against American Commercial Barge Line LLC is hereby dismissed with prejudice.

New Orleans, Louisiana, May 20, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

against American Commercial Barge Line.  <u>See</u> Order and Reasons dtd. 7/15/20 in which the Court found:

> As a Jones Act seaman, Mullen "cannot maintain a *Sieracki* seaworthiness action against a vessel on which he is not a crew member." <u>Smith v. Harbor Towing & Fleeting, Inc.</u>, 910 F.2d 312, 315 (5th Cir. 1990). Because Mullen was not a crew member of the "undesignated rock barge," he cannot prevail on an unseaworthiness claim against its alleged owner[.] <u>Id.</u> at 315.

That American Commercial Barge Line submits that it is entitled to partial summary judgment dismissing Mullen's unseaworthiness claim -- and that Mullen does not oppose the motion -- is unsurprising. The record indicates that Mullen, a seaman, was assigned to Daigle Towing's M/V MISS LAURIE; thus, he cannot pursue an unseaworthiness claim for slip-and-fall injuries sustained aboard a second vessel, here, American Commercial Barge Line's unidentified and unmanned barge, with which Mullen had merely a transitory relationship. <u>See</u> <u>id.</u> American Commercial Barge Line is entitled to partial judgment as a matter of law dismissing Mr. Mullen's unseaworthiness claim.