UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


MARK MULLEN                                          CIVIL ACTION


v.                                                   NO. 19-11954


DAIGLE TOWING SERVICE, L.L.C., ET AL.                SECTION "F"


<u>ORDER AND REASONS</u>

Before the Court are the defendants' motions for summary judgment.  For the reasons that follow, the motions are GRANTED.

**Background**

In dismissing the plaintiff's claims against Lafarge North America a year ago, this Court observed the inherent problems with the seaman plaintiff's "claim that he slipped and fell on the deck of a barge he cannot name on a date he does not know." <u>See</u> <u>Mullen</u> <u>v. Daigle Towing Serv., L.L.C.</u>, 2020 WL 4001194, at *1 (E.D. La. July 15, 2020).  A year has passed and the record has expanded in the time since, but the plaintiff – who recently passed away for reasons unrelated to this litigation[1] – is no closer to developing

---

[1]   The plaintiff's unfortunate death casts further doubt on his ability to recover and calls into question the continuing need for this lawsuit.  Indeed, as his counsel noted in moving to continue the trial and pretrial conference, the plaintiff "was never married . . . has no children and . . . has no living parents." <u>See</u> Mot. to Continue at 1.  No motion for substitution has been filed under Rule 25(a) and plaintiff's counsel identified no

a cognizable and provable theory of recovery against the remaining defendants.

Those defendants have moved for summary judgment accordingly.

I.

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

That is precisely the case here, where the now-deceased plaintiff who did "not know when, exactly, he fell . . . did not report the alleged fall . . . and did not seek medical treatment until months [after the fall]" continues to provide scant bits of vague and circumstantial evidence in support of "conclusory allegations" and "unsubstantiated assertions" that had a remote chance of succeeding to begin with. See Mullen, 2020 WL 4001194, at *1; see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

*    *    *

Accordingly, because the plaintiff has no prospect of prevailing on any of his claims at trial, IT IS ORDERED: that the

_____

logical (or legal) successor to the plaintiff's claims in opposing the present motions for summary judgment.

defendants' motions for summary judgment are GRANTED.   The
plaintiff's claims are DISMISSED WITH PREJUDICE.   Daigle Towing's
motion in limine is DENIED AS MOOT.

New Orleans, Louisiana, July 21, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE