UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK MULLEN                                                CIVIL ACTION

v.                                                         NO. 19-11954

DAIGLE TOWING SERVICE, L.L.C., ET AL.                      SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion for entry of partial final judgment under Rule 54(b). For the reasons that follow, the motion is DENIED.

**Background**

On July 21, 2021, the Court granted two motions for summary judgment: a motion for summary judgment by American Commercial Barge Line LLC, and a motion for *partial* summary judgment by Daigle Towing Service, L.L.C. Six days later, the plaintiff – who died in the course of this litigation - noticed his appeal of that ruling.

The following day, the Court - puzzled by the premature timing of the plaintiff's "appeal" – ordered all remaining parties to "attend a telephone scheduling conference . . . for the selection of pretrial conference and trial dates for the plaintiff's [still] outstanding maintenance and cure claims."

1

Now, with a 2022 trial date set on his *own* maintenance and cure claims, rather than conceding his error and withdrawing his improvident notice of appeal, the plaintiff moves for an entry of partial final judgment under Rule 54(b).  Although his motion is now unopposed by his adversaries, the plain language of Rule 54(b) trumps the parties' desires and precludes the relief the plaintiff seeks.

I.

As Rule 54(b) clearly confirms, partial final judgments are the exception, not the rule.  Rule 54(b) - which is the sole provision of law the plaintiff premises his requested relief on – speaks for itself in this regard.  In full, it provides that

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court **may** direct entry of final judgment as to one or more, but fewer than all, claims or parties **only if** the court expressly determines that ***there is no just reason for delay***.  **Otherwise**, any order or other decision, however designated, that adjudicates fewer then all the claims or the rights and liabilities of fewer than all the parties **does not** end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

 FED. R. CIV. P. 54(b) (emphasis added).

Here, the plaintiff is correct in noting the need for a partial final judgment under Rule 54(b), as indeed, no "judgment adjudicating all the claims and all the parties' rights and liabilities" has yet been entered in this case.  Cf. id.  However,

2

he offers no explanation whatsoever for *why* "there is no just reason for delay." Cf. id. Instead, his perfunctory motion begs the question,[1] assuming that because the Court *can* enter partial final judgment "on the[] issues . . . which plaintiff wishes to appeal," it *should*.

The Court disagrees. Not only does the plaintiff provide no grounds for "expressly determin[ing] that there is no just reason for delay," there appears to be ample reason *not* to issue a piecemeal judgment before total adjudication of all rights and liabilities at the trial-court level. To the contrary, reasons *to* delay the plaintiff's ill-fated and piecemeal appeal abound: the plaintiff – who lacks an apparent successor - is now deceased, a trial date on his remaining claims has been set, any Fifth Circuit decision on his current appeal would necessarily involve fewer than all of his claims, and partial final judgments may only be entered in limited circumstances to begin with.

\* \* \*

Accordingly, IT IS ORDERED: that the plaintiff's motion for entry of partial final judgment under Rule 54(b) is DENIED.

New Orleans, Louisiana, August 25, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Which was initially filed erroneously as an "unopposed" motion.